# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RIDEAU, CDCR #K-32522,<br><br>Plaintiff,<br><br>vs.<br><br>J. VELASCO; GERALD J. JANDA; SILVIA S. ROACHO; P. KUZIL-RUAN; IRMA MARENO; SHERMAN RUTLEDGE III; GABRIELA NUNEZ; J. CRIMAN; G. TRUJILLO,<br><br>Defendant. | Civil No.   11cv2343 JAH (JMA)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)** |

### I. Procedural History

On October 11, 2011, Gregory S. Rideau ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion to Appoint Counsel [ECF No. 3].

On December 13, 2011, the Court granted Plaintiff's Motion to Proceed IFP, denied his Motion for Appointment of Counsel and dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See* Dec. 13, 2011 Order at 7-8.  Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.*  On January 6, 2012, Plaintiff filed his First Amended Complaint ("FAC").

## II.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

"parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds that, once again, Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A.   Access to Courts

Plaintiff claims that Defendants conspired to prevent him from attending Court hearings that resulted in dismissal of his cases. (*See* FAC at 5.) Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see*

*also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Plaintiff was previously informed that he *must* describe the nature of the cases which appear to have occurred in Superior Court in the County of Imperial. (*See* FAC at 5.) In order for there to be an access to courts claim, Plaintiff must be able to show that these cases were related to his conditions of confinement or related to his criminal conviction. He fails to describe the underlying nature of these cases despite the Court's previous Order informing him that he must do so. Plaintiff will only be given one final opportunity to amend these claims to meet the requirements of both *Lewis* and *Christopher* as set forth above.

**B.   Conspiracy claims**

Once again, Plaintiff also alleges that several correctional officers acted in a conspiracy to violate his constitutional rights pursuant to 42 U.S.C. § 1985(3). "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). "[T]he language requiring intent to deprive *equal* protection . . . means that there must be some

1  racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the
2  conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sever*, 978 F.2d at 1536.

3       Here, Plaintiff fails to allege membership in a protected class and fails to allege that any
4  Defendant acted with class-based animus, both of which are essential elements of a cause of
5  action under 42 U.S.C. § 1985(3). *See Griffin*, 403 U.S. at 101-02; *Schultz v. Sundberg*, 759
6  F.2d 714, 718 (9th Cir. 1985) (holding that conspiracy plaintiff must show membership in a
7  judicially-designated suspect or quasi-suspect class); *Portman v. County of Santa Clara*, 995
8  F.2d 898, 909 (9th Cir. 1993).

9       **C.**    **Sixth Amendment claims**

10      Plaintiff claims that his Sixth Amendment rights have been violated but he fails to provide
11 sufficient facts from which this Court could determine whether he has stated a claim. The Sixth
12 Amendment, by its express language, "does not attach until a prosecution is commenced."
13 *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). Here, as stated above, Plaintiff fails to describe
14 the nature of the cases involving the alleged violation of his Sixth Amendment rights.

15      Accordingly, the Court must DISMISS Plaintiff's First Amended Complaint for all the
16 reasons set forth above but will provide Plaintiff with the opportunity to amend his Complaint
17 to correct the deficiencies of pleading identified by the Court.

18 **III.**    **Conclusion and Order**

19      Good cause appearing, **IT IS HEREBY ORDERED**:

20      1.    Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant
21 to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A. However, Plaintiff is **GRANTED** forty five (45) days
22 leave from the date this Order is filed in which to file a Second Amended Complaint which cures
23 all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete
24 in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants
25 not named and all claims not re-alleged in the Amended Complaint will be considered waived.
26 *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended
27 Complaint fails to state a claim upon which relief may be granted, it may be dismissed without
28

1  further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).

2  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

3      2.    The Clerk of Court is directed to mail a court approved § 1983 form complaint to

4  Plaintiff.

5  DATED: February 13, 2012              _____

                                          HON. JOHN A. HOUSTON
6                                         United States District Judge